

**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 14436774**
**Date Processed: 11/05/2015**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Rosemarie Williams<br>General Motors LLC<br>Mail Code 48482-038-210<br>400 Renaissance Center<br>Detroit, MI 48265 |

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number 3113523 |
| **Entity Served:** | General Motors LLC |
| **Title of Action:** | Miller, Paul; Miller, Carol vs. General Motors LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | New York County Supreme Court, New York |
| **Case/Reference No:** | 159912/15 |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 11/05/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Offices of Marc S Albert (Astoria, NY)<br>347-472-5080 |
| **Client Requested Information:** | Year: 2011<br>Make: Buick<br>Model: Enclave<br>VIN: 5GAKVBED3BJ342901 |

| | |
|---|---|
| **Notes:** | Law Offices of Marc S Albert 32-72 Steinway Street Astoria, NY 11103<br>CSC Location document was served: CSC-Lawyers Inc Service Co 601 Abbot Rd. East Lansing, MI 48823 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF <u>NEW YORK</u>
_____x

PAUL MILLER and CAROL MILLER,

Plaintiff/Petitioner,

- against -

GENERAL MOTORS, LLC,

Defendant/Respondent.
_____x

Index No. 159912/15

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 9/29/15

_____ (Signature)

Marc S. Albert (Name)

Law Offices of Marc S. Albert (Firm Name)

32-72 Steinway Street (Address)

Astoria, NY 11103

(347) 472-5080 (Phone)

Malbert@msainjurylaw.com (E-Mail)

To: General Motors LLC,

300 Renaissance Ctr

Detroit, MI 48232

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

PAUL MILLER and CAROL MILLER,

                                          Plaintiffs,

          -against-

GENERAL MOTORS, LLC,

                                          Defendants.
-------------------------------------------------------------------X

Index No.: **159912/15**

**SUMMONS**

Filed in Supreme Court, New
York County on **9-28-15**

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of
appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the
day of service, or within 30 days after service is complete if this summons is not personally
delivered to you within the State of New York. In case of your failure to answer, Judgment will
be taken against you by default for the relief demanded in the Complaint.

          Plaintiff designates New York County as the venue for trial in this action. The basis of
venue is defendant's presence within the State, from which they derive substantial revenue.

Dated:   Astoria, New York
         September 28, 2015

                                          Yours, etc.,

                                          LAW OFFICES OF MARC S. ALBERT

                              By:         Marc S. Albert, Esq.
                                          Attorneys for Plaintiff
                                          PAUL MILLER and CAROL MILLER
                                          32-72 Steinway Street
                                          Astoria, New York 11103
                                          (347) 472-5080

                                          Moshe Horn, Esq.
                                          Seeger Weiss LLP
                                          77 Water Street
                                          New York, New York 10005
                                          (212) 584-0700

**DEFENDANT'S ADDRESS:**
GENERAL MOTORS LLC, 300 Renaissance Center, Detroit, MI 48232

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
PAUL MILLER and CAROL MILLER,

                                        Plaintiffs,            <u>**VERIFIED COMPLAINT**</u>

          -against-                                             Index No.: 159912/15

GENERAL MOTORS, LLC,

                                        Defendant.
--------------------------------------------------------------------X

      Plaintiffs, PAUL MILLER and CAROL MILLER, by their attorneys, LAW OFFICES OF

MARC S. ALBERT, complaining of the defendant herein, respectfully shows to this Court, and

alleges as follows:

<u>**INTRODUCTION**</u>

      1.     This is an action to recover damages for serious personal injuries suffered by

plaintiff Paul Miller and related damages suffered by his spouse, Carol Miller, as a result of a

motor vehicle accident which occurred in Hoosick, New York on July 15, 2013.

<u>**PARTIES**</u>

      2.     Plaintiffs Paul Miller and Carol Miller are and were at all times relevant hereto

residents of Delray Beach, in Palm Beach County, Florida.

      3.     Defendant General Motors LLC is a citizen of Delaware and Michigan and does

business in all fifty states, including the State of New York. General Motors LLC's principal

place of business is in Detroit, Michigan.

      4.     Defendant General Motors LLC is a limited liability corporation with one

member: General Motors Holding, LLC. General Motors Holding, LLC is a citizen of Delaware

- 2 -

and Michigan and is a holding company and direct parent of General Motors LLC. General

Motors Holding, LLC is a limited liability corporation with one member: General Motors

Company. General Motors Company is a citizen of Delaware and Michigan and is publicly

traded.

5.      General Motors Corporation was a Delaware corporation with its headquarters in

Detroit, Michigan. General Motors Corporation, through its various entities, designed,

manufactured, marketed, distributed and sols Chevrolet, Pontiac, Saturn, Buick and other brand

automobiles in the States of New York, Vermont, Florida and throughout the United States as

well as worldwide.

6.      In June of 2009, General Motors Corporation ("Old GM") filed for bankruptcy.

On July 9, 2009, the United States Bankruptcy Court approved the sale of substantially all of Old

GM's assets pursuant to a Master Sales and Purchase Agreement ("Agreement"). The

Agreement became effective on July 10, 2009. The Agreement approved the sale of Old GM to

Defendant General Motors LLC (hereinafter "Defendant", "GM" or "New GM").

7.      The Agreement defines Defendant's "Purchased Assets" as:

(xiv) all books, records, ledgers, files, documents, correspondence, lists, plats,
specifications, surveys, drawings, advertising and promotional materials (in whatever
form or medium), including Tax books and records and Tax Returns used or held for use
in connection with the ownership or operation of the Purchased Assets or Assumed
Liabilities, including the Purchased Contracts, customer lists, customer information and
account records, computer files, data processing records, employment and personnel
records, advertising and marketing data and records, credit records, records relating to
suppliers, legal records and information and other data;

(xv) all goodwill and other intangible personal property arising in connection with the
ownership, license, use or operation of the Purchased Assets or Assumed Liabilities; . . .

AMENDED AND RESTATED MASTER SALE AND PURCHASE AGREEMENT at Section

2.2;

- 3 -

8.    Along with the Purchased Assets, GM also expressly took on a range of liabilities.

"Liabilities" is defined in the Agreement as "any and all liabilities and obligations of every kind

and description whatsoever, whether such liabilities or obligations are known or unknown,

disclosed or undisclosed, matured or unmatured, accrued, fixed, absolute, contingent, determined

or undeterminable, on or off-balance sheet or otherwise, or due or to become due, including

indebtedness and those arising under any Law, Claim, Order, Contract or otherwise."

9.    Among many others, the Liabilities assumed by GM under the Agreement

include:

(vii)(A) all liabilities arising under express written warranties of Sellers [i.e., old GM)
that are specifically identified as warranties and delivered in connection with sale of new,
certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and
equipment (including service parts, accessories, engines and transmission) manufactured or sold
by Sellers or Purchaser [i.e., new GM] prior to or after the Closing and (B) all obligations under
Lemon Laws;...
(ix) all Liabilities to third parties for death, personal injury, or other injury to Persons or
damage to property caused by motor vehicles designed for operation on public roadways or by
the component parts or such motor vehicles and, in each case, manufactured, sold or delivered by
Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents, or
other distinct and discreet occurrences that happen on or after the Closing Date and arise from
such motor vehicles' operation or performance; . . .

10.    GM also assumed responsibility for compliance with a wide range of laws and

other regulations, including:

(a) From and after the Closing, Purchaser [Defendant GM] shall comply with the
certification, reporting and recall requirements of the National Traffic and Motor
Vehicle Safety Act, the Transportation Recall Enhancement, Accountability and
Documentation Act, the Clean Air Act, the California Health and Safety Code and
similar laws, in each case, to the extent applicable in respect of vehicles and
vehicle parts manufactured or distributed by Seller [Old GM].

(b) From and after the Closing, Purchaser [Defendant GM] shall be responsible
the administration, management, and payment of all Liabilities arising under (i)
express written warranties of sellers [Old GM] . . .(ii) Lemon Laws.

11.    Moreover, the Bankruptcy Court order approving the Agreement made clear that

- 4 -

Defendant GM assumed "the warranty and recall obligations of both Old GM and [Defendant GM]."

12. Pursuant to the Agreement and other orders of the Bankruptcy Court, Defendant GM emerged out of bankruptcy and continued the business of Old GM with many, if not most, of Old GM's employees and, on information and belief, with most of the same senior-level management, officers and directors.

13. The allegations pertaining to Old GM above are included for purposes of background and context, and to set forth the scope of Defendant GM's liabilities and responsibilities under the Agreement. This Complaint does not assert any causes of action against Old GM; all causes of action and attributions of liability are directed solely against Defendant General Motors LLC.

## JURISDICTION

14. Defendant GM regularly does and solicits business in the State of New York and derives substantial revenue from its vehicles sold within the State of New York.

15. The subject motor vehicle accident upon which this case is based occurred within the State of New York.

16. Under the facts and circumstances of this case and pursuant to CPLR §503, venue and jurisdiction are proper in this Court.

## STATEMENT OF FACTS

17. On July 15, 2013, plaintiff Paul Miller, who was properly belted with a lap/shoulder belt, was driving a 2011 Buick Enclave which was owned by his wife Carol Miller bearing Vehicle Identification Number 5GAKVBED3BJ342901 (hereinafter the "2011 Buick Enclave") on State Route 7 West in the Town of Hoosick and State of New York.

- 5 -

18.     As the plaintiff's vehicle proceeded on State Route 7 West, it was sideswiped by a tractor trailer with significant force on the driver's side of the vehicle at or about the front driver's side door.

19.     That despite the force and magnitude of the impact, the safety-related defects in the Buick Enclave caused the drivers' side airbag not to deploy.

20.     Despite being properly seat-belted, plaintiff Paul Miller suffered injuries of an extremely serious and permanent nature in the accident which would not have been sustained had the side airbag deployed as it should have.

## GM FRAUDULENTLY CONCEALED THE WIRING DEFECT CAUSING SIDE IMPACT AIRBAGS NOT TO DEPLOY

21.     A week after GM had been directed to pay a record $35 Million civil penalty to settle the Department of Transportation's Ignition Switch probe which found that GM was guilty of covering up a fatal ignition switch defect, on March 14, 2014, GM issued a safety related recall for its 2008-2013 Buick Enclaves, 2008-2013 GMC Acadias, 2009-2013 Chevrolet Traverses and 2008-2010 Saturn Outlooks.  In these vehicles, the recall indicated that a wiring defect would result in the non-deployment of seat-mounted side air bags.

22.     As used in this Complaint, the "Subject Vehicles" refer to the aforementioned GM vehicles which were subject to the March 14, 2014 recall.

23.     Paul and Carol Miller's 2011 Buick Enclave falls within this group of Subject Vehicles.

24.     The wiring defect which would cause the side impact airbags not to deploy in the Subject Vehicles was known about for at least six years prior to the recall, but the dangers associated with this defect were kept secret by GM from vehicle owners, including the plaintiffs.

- 6 -

Of significant importance, GM decided against recalling the vehicles for more than six years, putting more than a million vehicle owners, including the plaintiffs, at risk.

25.     In a timeline provided to the National Highway Traffic Safety Administration (NHTSA), GM admitted that it had known about the wiring problem that could cause side impact airbags not to deploy since 2008. Since that time, GM investigated the matter at least four separate times, issued six service bulletins to dealers about the problem and bought back an unspecified number of problematic vehicles from customers, refusing during the entirety of that six year period from issuing a recall which was clearly necessary.

26.     By 2008, GM was aware that corrosion or loose crimps in the side-impact airbag wiring harness connectors could cause increased resistance, which resistance over time, could reach a level at which a crash will not trigger the airbags and seat-belt pretensioners.

27.     In August, 2010, an engineer investigating the issue found that more than 6,800 vehicles had been the subject of at least two warranty claims for repairs related to a "service air bag" message which GM related to the wiring defect. GM has since admitted to the NHTSA that the high number of claims indicated that the two previously issued service bulletins were "not entirely effective in correcting the condition."

28.     In November, 2010, GM's Executive Field Action Decision Committee, which authorizes recalls, considered the wiring defect matter and the resultant concern of non-deployment of the side impact airbags, but decided to address it with yet another bulletin and not a costly recall.

29.     GM would go on to issue three more bulletins concerning the wiring defect issue while warranty claims continued to rise.

30.     In 2013, call volume to GM's Technical Assistance Center increased, as did

- 7 -

buyback activity due to illuminated airbag service lights — reflective of the corrosion issue in the side-impact airbag wiring harness connectors of which GM was already long aware.

31.     During the entirety of the six year period from 2008 to 2014, defendant GM fraudulently concealed the significant danger of the side impact airbag wiring defect from motor vehicle owners like the plaintiff, to their significant detriment.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PAUL MILLER
### (Negligence As Against GM)

32.     Plaintiff repeats realleges and reiterates each and every allegation set forth in paragraphs 1 through 31 above as though more fully set forth herein at length.

33.     That prior to July 15, 2013 and at all times hereinafter mentioned, defendant GENERAL MOTORS LLC, designed, manufactured, sold and/or supplied the plaintiff's 2011 Buick Enclave motor vehicle.

34.     That prior to July 15, 2013 and at all times hereinafter mentioned, defendant GENERAL MOTORS LLC, designed, manufactured, sold and/or supplied the component parts for the manufacture of the plaintiff's 2011 Buick Enclave motor vehicle.

35.     That prior to July 15, 2013 and at all times hereinafter mentioned, defendant GENERAL MOTORS, LLC designed, manufactured, or sold and/or supplied the wiring system for the side impact airbags for the plaintiff's 2011 Buick Enclave motor vehicle.

36.     That on March 14, 2014 defendant GENERAL MOTORS, LLC issued a recall for 2011 Buick Enclave motor vehicles due to a defective wiring system that would cause a side impact airbag not to deploy in a crash as it was intended by GM to do.

37.     That on July 15, 2013 and at all times hereinafter mentioned, while plaintiff PAUL MILLER was operating the aforesaid 2011 Buick Enclave motor vehicle on State Route 7

West in the Town of Hoosick and State of New York, his vehicle was struck with significant force by a tractor trailer on the drivers' side of his vehicle.

38.     That despite the significant force of the impact, the plaintiff's side impact airbag did not deploy as it was designed by GM to do.

39.     The plaintiff's side impact airbag did not deploy due to a defective wiring system in the plaintiff's 2011 Enclave motor vehicle of which defendant GM had actual and/or constructive notice.

40.     That as a direct proximate result of the side impact airbag's failure to deploy in the subject crash on July 15, 2013, the plaintiff, Paul Miller, suffered injuries of an extremely serious nature.

41.     That the aforesaid injuries suffered by plaintiff Paul Miller were due solely and wholly to the careless and negligent manner in which defendant GENERAL MOTORS LLC, manufactured, designed, supplied, sold, owned, operated, managed, maintained, controlled and repaired the aforesaid 2011 Buick Enclave motor vehicle without the plaintiff in any way contributing thereto.

42.     The defendant GENERAL MOTORS, LLC was negligent and careless in the design, manufacture, and supply of the above mentioned Buick Enclave motor vehicle; in negligently manufacturing and distributing products that were in a defective condition; in negligently manufacturing and distributing products that were unreasonably dangerous; in failing to design a safe vehicle with safe component parts including but not limited to its failure to equip same with a reasonably safe wiring system for the side impact airbags; in failing to design the vehicle to be safe, with regard to foreseeable auto accidents such as that experienced by plaintiff; in negligently failing to design a wiring system for the side impact airbags of the vehicle which

- 9 -

would meet the "consumer expectation test" as that term is understood under common law; in negligently failing to recall the plaintiff's vehicle prior to the subject incident; in negligently failing to ensure that necessary repairs were made to the plaintiff's vehicle in a timely fashion; and in causing the injuries to the plaintiff herein.

43.     That by reason of the foregoing negligence on the part of the said defendant GENERAL MOTORS LLC, plaintiff PAUL MILLER sustained serious, severe, and permanent injuries to his head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time, continuing to date.

44.     That by reason of the wrongful, negligent and careless actions of the defendant GENERAL MOTORS LLC, as aforesaid, plaintiff PAUL MILLER sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

45.     That by reason of the foregoing negligence on the part of the said defendant GENERAL MOTORS, LLC, this plaintiff, PAUL MILLER is informed and verily believes that his aforesaid injuries are permanent and that he will permanently suffer from the effects of his aforesaid injuries and that she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

46.     That by reason of the foregoing, this plaintiff, PAUL MILLER was compelled and did necessarily require medical attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, PAUL MILLER, will incur similar expenses.

47.     That this action falls within one or more of the exemptions set forth in CPLR ξ1602.

48.     That as a result of the defendant's negligence as aforesaid, plaintiff PAUL MILLER has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PAUL MILLER
### (Breach of Express Warranty As Against Defendant General Motors, LLC)

49.     Plaintiff repeats realleges and reiterates each and every allegation set forth in paragraphs 1 through 48 above as though more fully set forth herein at length.

50.     Defendant GENERAL MOTORS, LLC is and was at all relevant times a merchant with respect to motor vehicles.

51.     In the course of selling its vehicles, Defendant GENERAL MOTORS, LLC expressly warranted in writing that the Vehicles were covered by a Basic Warranty.

52.     Defendant breached the express warranty to repair and adjust to correct defects in materials and workmanship of any part it supplied.  Said defendant has not repaired or adjusted, or was not able to timely repair or adjust the subject 2011 Buick Enclave motor vehicle's materials and workmanship defects.

53.     In addition to the Basic Warranty, Defendant GENERAL MOTORS, LLC expressly warranted several attributes, characteristics and qualities.

54.     These warranties are only a sampling of the numerous warranties that Defendant GENERAL MOTORS, LLC made relating to safety, reliability and operation of its vehicles, including but not limited to the subject 2011 Buick Enclave motor vehicle.  Generally, these express warranties promise heightened, superior and state of the art safety, reliability, performance standards, and promoted the benefits of Defendant's cars.  These warranties were made, inter alia, in advertisements, on websites, and in uniform statements provided by

- 11 -

Defendant GENERAL MOTORS, LLC to be made by salespeople. These affirmations and promises were part of the basis of the bargain between the parties.

55.     These additional warranties were also breached because the Defective Vehicles, including but not limited to the subject 2011 Buick Enclave motor vehicle, were not fully operational, safe or reliable (and remained so even after the problems were acknowledged and a recall "fix" was announced), nor did they comply with the warranties expressly made to purchasers or lessees, such as plaintiff Paul Miller or his wife Carol Miller. Defendant did not provide at the time of sale, and has not provided since then, vehicles including but not limited to the subject 2011 Buick Enclave motor vehicle, conforming to these express warranties.

56.     At the time that Defendant GENERAL MOTORS, LLC warranted and sold the subject 2011 Buick Enclave vehicle, they knew that the vehicle did not conform to the warranties and were inherently defective, and Defendant wrongfully and fraudulently misrepresented and/or concealed material facts regarding their vehicles.

57.     As a direct and proximate result of Defendant GENERAL MOTORS, LLC's breach of express warranties, plaintiff, PAUL MILLER has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF PAUL MILLER
(Strict Product Liability-Defective in Design or Manufacture
As Against Defendant General Motors, LLC)**

58.     Plaintiff repeats realleges and reiterates each and every allegation set forth in paragraphs 1 through 57 above as though more fully set forth herein at length.

59.     Defendant GENERAL MOTORS, LLC are the manufacturers, designers, sellers,

distributors, marketers, and/or suppliers of the aforementioned 2011 Buick Enclave motor vehicle which is defective and unreasonably dangerous to consumers.

60.     The aforementioned 2011 Buick Enclave motor vehicle was sold, distributed, supplied, manufactured, designed, marketed, and/or promoted by Defendant, and was expected to reach and did reach consumers without substantial change in the condition in which it was manufactured, designed and sold by Defendant.

61.     The aforementioned 2011 Buick Enclave motor vehicle was defective in its design and was unreasonably and/or inherently dangerous in that its foreseeable risks exceeded the normal or inherent risks in operation of a motor vehicle as to the consumers and their passengers to which it was marketed.

62.     Alternatively, the aforementioned 2011 Buick Enclave motor vehicle was defective in design or formulation in that its use posed a greater likelihood of injury than other similar motor vehicles and/or was more dangerous than an ordinary consumer could reasonably foresee and/or was led to believe by the motor vehicle's warnings or lack thereof.

63.     Upon information and belief, Defendants actually knew of the defective nature of the aforementioned 2011 Buick Enclave motor vehicle but continued to design, manufacture, market, and sell the said motor vehicle so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by operation of the 2011 Buick Enclave motor vehicle.

64.     There was a safer alternative method and design for motor vehicles, including but not limited to the aforesaid wiring system for the side impact airbags of the vehicle, which should have been used by defendant GENERAL MOTORS, LLC, but were not.

65.     As a direct and proximate result of the defective condition of the aforementioned

- 13 -

motor vehicle, as manufactured, designed and/or supplied by Defendant, or other wrongdoing and actions of Defendant described herein, plaintiff PAUL MILLER suffered the serious injuries described in this Complaint as set forth above.

66.     Defendants' aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as the plaintiff and other occupants of the subject 2011 Buick Enclave, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial that is appropriate to punish Defendant and deter them from similar conduct in the future.

67.     In lieu of the foregoing, plaintiff, PAUL MILLER has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action and further demands punitive damages in an amount to be set by the jury at the time of trial.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF PAUL MILLER**
**(Breach of Implied Warranty As Against Defendant General Motors, LLC)**

68.     Plaintiff repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "67" with the same force and effect as if fully set forth herein at length.

69.     That in using the aforesaid motor vehicle, plaintiff PAUL MILLER relied upon certain implied warranties of the defendant GENERAL MOTORS, LLC herein, their agents, servants and/or employees that the subject 2011 Buick Enclave motor vehicle was safe and fit for the use as intended.

70.     That the defendant GENERAL MOTORS, LLC herein, their agents, servants and/or employees knew or should have known that the motor vehicle in question was not safe and not fit for the use intended.

- 14 -

71.     That as a proximate result of the reliance on the implied warranties of the defendants herein, their agents, servants and/or employees to plaintiff, PAUL MILLER and his spouse Carol Miller, the vehicle was purchased, operated and occupied on the date of the incident, resulting directly in the serious injuries sustained by the plaintiff as set forth above.

72.     In lieu of the foregoing, plaintiff, PAUL MILLER has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF CAROL MILLER**
**(Breach of Implied Warranty As Against Defendant General Motors, LLC)**

73.     Plaintiff Carol Miller repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "72" with the same force and effect as if fully set forth herein at length.

74.     Plaintiff CAROL MILLER is the lawful spouse of plaintiff PAUL MILLER and as such was and is entitled to the comfort and enjoyment of his society and services, love and affection.

75.     That soley by reason of the foregoing negligence on the part of the defendant, plaintiff CAROL MILLER has been deprived of her spouse's companionship, services, solace, consortium, love, affection and attention to which she is entitled.

76.     That solely by reason of the foregoing negligence on the part of the defendant, plaintiff CAROL MILLER has been caused and will continue to be caused to incur expenses for the medical care, attention and supervision of her spouse PAUL MILLER.

77.     That solely by reason of the foregoing, plaintiff CAROL MILLER has been

damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

     **WHEREFORE**, plaintiffs PAUL MILLER and CAROL MILLER demand judgment against the defendant GENERAL MOTORS LLC in causes of action numbered one, two, three, four and five above, a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with punitive damages as set forth herein, costs and disbursements of this action.

Dated:    Astoria, New York
           September 28, 2015

                          Yours, etc.,

                          Law Offices of Marc S. Albert

                By:_____
                          Marc S. Albert, Esq.
                          Attorney for Plaintiffs
                          Paul Miller and Carol Miller
                          32-72 Steinway Street
                          Astoria, New York 11103
                          (347) 472-5080

                          Moshe Horn, Esq.
                          Seeger Weiss LLP
                          Co-Counsel for Plaintiffs
                          77 Water Street
                          New York, New York 10007
                          (212) 584-0700

STATE OF NEW YORK, COUNTY OF QUEENS     ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

DATED:  Astoria, New York
        September 28, 2015

MARC S. ALBERT